UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GNB ENTERPRISES CORPORATION d/b/a CAROLINA GOLF CARS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA GOLF CARTS LLC f/k/a TOWN & COUNTRY GOLF CARTS, LLC; and WILLIAM ROBERT SHULER, III,<br><br>Defendants. | Case No.: 2:26-cv-05845-DCN<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff GNB Enterprises Corporation d/b/a Carolina Golf Cars, by and through the undersigned counsel, hereby states as its Complaint against Defendants Carolina Golf Carts LLC f/k/a Town & Country Golf Carts, LLC and William Robert Shuler, III (collectively, "Defendants"), the following:

## **Jurisdiction and Venue**

1. Plaintiff GNB Enterprises Corporation d/b/a Carolina Golf Cars ("Plaintiff") is a North Carolina corporation incorporated in North Carolina and with its principal place of business located at 8740 Wilkinson Boulevard, Charlotte, NC 28214.

2. Plaintiff owns the federally registered trademark "CAROLINA GOLF CARS" (registration no. 7,831,119) (the "Mark"). The Registration Certificate for the Mark is attached as **Exhibit 1**.

3. Plaintiff has used its Mark in commerce since at least as early as 1982.

4. Upon information and belief, Defendant Carolina Golf Carts LLC f/k/a Town & Country Golf Carts, LLC ("Defendant Carolina Golf Carts") is a limited liability company incorporated in

South Carolina with a principal place of business of 1183 Old Whitesville Road, Moncks Corner, SC 29461.

5. Upon information and belief Defendant William Robert Shuler, III ("Defendant Shuler") is a resident and citizen of South Carolina with a domicile address of 1183 Old Whitesville Road, Moncks Corner, SC 29461. Schuler is the registered agent of Defendant Carolina Golf Carts.

6. Upon information and belief, Defendant Shuler is a member/manager of Defendant Carolina Golf Carts and is responsible for its activities.

7. Upon information and belief, Defendant Schuler continues to conduct business in Moncks Corner, South Carolina, operating Defendant Carolina Golf Carts.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of North Carolina, and Defendants are citizens of South Carolina.

9. Diversity jurisdiction is proper as the amount in controversy and Plaintiff's damages in this matter exceed $75,000.00, exclusive of interest, costs, or statutory enhancements.

10. Venue is proper in this district as the Defendants are domiciled in Berkeley County, South Carolina, and the acts complained of in this matter occurred within the Charleston District.

**Background Facts**

11. Plaintiff has conducted business and sold its goods and services to customers in North and South Carolina since 1982.

12. Plaintiff provides golf car services including retail sales of golf cars.

13. In the relevant industry, the term "golf car" is synonymous with the term "golf cart."

14. Plaintiff has continuously provided services to customers since its founding in 1982, and it has continuously used the trademark "Carolina Golf Cars" in connection with its business since 1982.

15. Through marketing, hard work, high-quality goods and services, and excellent customer service, Plaintiff built up its brand and established significant goodwill among consumers in the region.

16. Consumers associate Plaintiff's trademark "Carolina Golf Cars" with Plaintiff to the exclusion of all others.

17. In January 2006, Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") to register its "Carolina Golf Cars" trademark. On December 19, 2006, the USPTO issued a registration for Plaintiff's Mark and assigned it Registration No. 3,186,611. See **Exhibit 2**, 2006 Registration Certificate.

18. Through inadvertence, Plaintiff forgot to file Section 8 and Section 15 Declarations with the USPTO to maintain the registration, and on July 21, 2017, the USPTO cancelled the registration for Plaintiff's Mark.

19. The cancellation of the registration was due to failure to file the declarations, and it was not related to any substantive failure or problem with the Mark.

20. Upon realizing that the registration had been cancelled, Plaintiff filed a new application to register its "Carolina Golf Cars" Mark on September 18, 2023.

21. On June 17, 2025, the USPTO issued a Certificate of Registration to Plaintiff for its Mark "Carolina Golf Cars." *See* **Exhibit 1**.

22. Plaintiff continually used its Mark in commerce, and there was no gap in use.

23. Plaintiff's use of its Mark in commerce has been intentional, continual, and systematic.

24. As a direct result of the continuous and exclusive use of the mark "Carolina Golf Cars," Plaintiff has firmly established itself as the source for the high-quality goods and services associated with its Mark.

25. Consumers identify Plaintiff to the exclusion of others as the source of the goods and services provided in connection with the trademark "Carolina Golf Cars."

26. Plaintiff continues to use its Mark in advertising and in connection with its marketing efforts including on the Internet and through social media.

27. Plaintiff has never licensed, sold, transferred, or otherwise granted any other entity rights to use its Mark.

**Defendant's Infringement**

28. Plaintiff realleges the allegations within the previous paragraphs as if fully restated herein.

29. In 2023 Plaintiff became aware that Defendants were using "Carolina Golf Carts" in their advertisements and marketing efforts to promote their business.

30. Defendant Shuler filed Articles of Organization with the South Carolina Secretary of State's Office creating the entity "Carolina Golf Carts LLC" on April 27, 2022.

31. Upon information and belief, Defendant Shuler previously operated or owned a business named "Town & Country Golf Carts, LLC" which was organized in May 2005.

32. Upon information and belief, Defendant Carolina Golf Carts is a successor in interest of Town & Country Golf Carts, LLC, and the ownership of the businesses are the same.

33. Upon information and belief, Defendant Shuler organized Defendant Carolina Golf Carts to intentionally infringe Plaintiff's trademark "Carolina Golf Cars."

34. Defendants began using the confusingly similar mark "Carolina Golf Carts" to compete with Plaintiff at least as early as April 27, 2022.

35. The mark "Carolina Golf Carts" is confusingly similar to Plaintiff's Mark "Carolina Golf Cars."

36. Defendants operated their business at 1183 Old Whitesville Rd. Moncks Corner, SC 29461.

37. Defendants owned and operated a website on which they used the confusingly similar mark. Defendants' website was located at the Internet domain "www.carolinagolfcarts.net."

38. On October 31, 2023, Plaintiff sent Defendants a cease and desist letter demanding that Defendants cease their infringement of Plaintiff's Mark. **Exhibit 3**, October 2023 Letter.

39. After receiving no response to its letter, Plaintiff sent a second letter to Defendants on December 4, 2023. **Exhibit 4**, December 2023 Letter.

40. On December 18, 2023, counsel for Defendants sent a letter of representation to Plaintiff in response to the cease and desist letters.

41. After receiving the December 18, 2023, letter from Defendants' counsel, Plaintiff determined that Defendants had removed the infringing material and taken down the website from Defendants' domain at www.carolinagolfcarts.net.

42. Defendants removed the infringing website in an attempt to deceive Plaintiff into believing that Defendants had ceased their infringing conduct.

43. Despite removing the infringing material from their domain, Defendants did not stop infringing Plaintiff's Mark.

44. Upon information and belief, Defendants intentionally and willfully continued to infringe Plaintiff's Mark after receiving notice of Plaintiff's rights.

45. In early 2026, Plaintiff discovered that in the same location of 1183 Old Whitesville Rd., Moncks Corner, SC 29461, a business was using the mark "Carolina Golf Carts" as its business name.

46. Plaintiff's investigation revealed that Defendants were operating the business located at 1183 Old Whitesville Rd., Moncks Corner, SC 29461, and were continuing to infringe Plaintiff's Mark.

47. Defendants were also marketing on Facebook and using Plaintiff's Mark in Defendants' Facebook posts. **Exhibit 5**, Facebook post.

48. Defendant Carolina Golf Carts advertised on Facebook as the business formerly known as Town & Country Golf Carts. See Exhibit 5.

49. Defendants are currently operating their business at 1183 Old Whitesville Road, Moncks Corner, SC. **Exhibit 6**, Photo of Defendants' business.

50. Defendants are continuing to use Plaintiff's Mark in advertising and marketing golf car goods and services. *See* Exhibits 5 and 6.

51. On June 26, 2026, Plaintiff sent a cease and desist letter to Defendants attempting to end Defendants' unlawful conduct and protect Plaintiff's rights. **Exhibit 7**, June 2026 Letter.

52. Although Defendants previously removed their infringing website, they did not stop infringing Plaintiff's Mark, and Defendants continue to improperly use Plaintiff's Mark or a confusingly similar mark.

53. Defendants' improper use of Plaintiff's Mark, or a confusing similar mark, has caused customer confusion in the marketplace.

54. Upon information and belief, customers that would have used Plaintiff's services have instead used Defendants' services because such customers were confused into believing that Defendants were either the same or somehow affiliated or approved by Plaintiff.

55. Upon information and belief, such actual and/or potential customers became confused and believed that Defendants' exact use or confusingly similar use of the mark "Carolina Golf Carts" was from Plaintiff.

56. Upon information and belief, instead of using Plaintiff's services as they had intended to do, confused customers used Defendants because of Defendants' unauthorized use of Plaintiff's Mark or a confusingly similar mark.

**COUNT I**
**Trademark Infringement**
**15 U.S.C. § 1114(1) *et seq*.**

57. Plaintiff incorporates by reference the preceding paragraphs as if fully rewritten herein.

58. On June 17, 2025, Plaintiff obtained a Certificate of Registration for its Mark "Carolina Golf Cars." See **Exhibit 1**.

59. Plaintiff's Mark is currently valid and protectable.

60. Plaintiff has not granted Defendants a license or any other right or permission to use Plaintiff's Mark or a confusingly similar mark.

61. Defendants used Plaintiff's Mark "Carolina Golf Cars", or a substantially similar mark, in their advertisements and signage and on the Internet.

62. Defendants provide the same or substantially similar goods and services as Plaintiff.

63. Defendants had notice of Plaintiff's rights at least as early as 2023.

64. Defendants' acts and conduct related to their unlawful use of Plaintiff's Mark or a confusingly similar mark are willful.

65. Upon information and belief, Defendants' use of Plaintiff's Mark, or a substantially similar mark to "Carolina Golf Cars," has been continuous since at least as early as 2023.

66. Defendants have and are using an identical or confusingly similar mark to Plaintiff's Mark in Defendants' advertising and marketing.

67. Defendants' use of the identical or a confusingly similar mark is likely to cause confusion among customers.

68. Upon information and belief, Defendants' use of the identical or a confusingly similar mark has already caused customer confusion.

69. Defendants' conduct has caused damage to Plaintiff's goodwill.

70. Defendants' conduct, unless enjoined, will continue to cause damage to Plaintiff.

71. Damages caused by Defendants' conduct are irreparable.

72. Defendants' use of the identical mark or a confusingly similar mark is intentional and willful.

73. Defendants' improper conduct has caused Plaintiff to suffer damages in an amount in excess of $75,000.00.

**COUNT II**
**Unfair Competition – 15 U.S.C. § 1125(a)**

74. Plaintiff incorporates by reference the preceding paragraphs as if fully rewritten herein.

75. Defendants' use of the "Carolina Golf Carts" designation in connection with goods identical and/or substantially similar to Plaintiff's goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

76. Defendants have competed unfairly with Plaintiff and realized unjust profits as a result of their unfair competition.

77. As a result of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

78. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

79. Defendants' acts of unfair competition have caused irreparable injury to Plaintiff's reputation and goodwill.

80. Defendants will continue their acts of unfair competition unless restrained and enjoined.

81. Plaintiff's remedy at law is not adequate to redress the harm Defendants have caused and will continue to cause until their conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

**COUNT III**
**Common Law Trademark Infringement**

82. Plaintiff incorporates by reference the preceding paragraphs as if fully rewritten herein.

83. Plaintiff has used its Mark "Carolina Golf Cars" in North and South Carolina since as early as 1982.

84. Plaintiff's Mark is a valid and protectable mark.

85. Plaintiff's Mark has become synonymous with Plaintiff, and Plaintiff's Mark has amassed considerable goodwill with the consuming public.

86. Plaintiff has continually used its Mark in commerce from 1982 to present without interruption.

87. Plaintiff has acquired common law rights to its Mark "Carolina Golf Cars."

88. Plaintiff has never given permission for Defendants to use its Mark or a confusingly similar mark.

89. Defendants have and continue to use an identical or confusingly similar mark to Plaintiff's Mark in Defendants' advertising and marketing.

90. Defendants' use of the identical or a confusingly similar mark is likely to cause confusion among consumers.

91. Upon information and belief, Defendants' use of the identical or a confusingly similar mark has caused customer confusion.

92. Defendants' conduct has caused damage to Plaintiff's goodwill.

93. Defendants' conduct has been in contravention of Plaintiff's common law rights to its Mark.

94. Defendants' conduct, unless enjoined, will continue to cause damage to Plaintiff.

95. Damages caused by Defendants' conduct are irreparable.

96. Defendants' use of the identical mark or a confusingly similar mark is intentional and willful.

97. Defendants' improper conduct has caused Plaintiffs to suffer damages in an amount in excess of $75,000.00.

**COUNT IV**
**Violation of South Carolina Unfair Trade Practices Act**
**S.C. Code § 39-5-20 *et seq.***

98. Plaintiff incorporates by reference the preceding paragraphs as if fully rewritten herein.

99. Defendants' infringement of Plaintiff's federally registered trademark constitutes an unfair and deceptive act or practice.

100. Defendants' act of using a business name that is confusingly similar to Plaintiff's trademark constitutes an unfair or deceptive act or practice.

101. Defendants' act of selecting and using a business name that is confusingly similar to Plaintiff's Mark is intentional.

102. Defendants' acts of infringement constitute an unlawful trade practice.

103. Defendants' acts related to attempting to unfairly trade on Plaintiff's goodwill constitutes and unlawful trade practice.

104. Defendants’ acts had an adverse impact on the public interest.

105. Defendants’ acts were in commerce and affected commerce.

106. Defendants’ acts adversely affected the public interest by deceiving consumers.

107. Defendant Shuler personally committed the acts related to infringing Plaintiff’s trademark and improperly trading off Plaintiff’s goodwill.

108. Defendant Shuler personally directed or authorized Defendant Carolina Golf Carts’ actions that constitute unlawful trade practices.

109. Defendant Shuler is personally liable for Defendants’ acts that constitute unlawful trade practices in violation of S.C. Code § 39-5-20 *et seq*.

110. Defendants’ acts in violation of the Unfair Trade Practices Act were done willfully and/or knowingly.

111. Defendants’ acts caused Plaintiff to suffer actual damages in an amount greater than $75,000.00.

112. Plaintiff is entitled to treble damages pursuant to S.C. Code § 39-5-140.

113. Plaintiff is entitled to its reasonable attorney’s fees and costs pursuant to S.C. Code § 39-5-140.

**COUNT IV**
**Tortious Interference with Contract and/or**
**Prospective Economic Advantage**

114. Plaintiff incorporates by reference the preceding paragraphs as if fully rewritten herein.

115. Plaintiff provides golf car services to customers and solicits prospective customers through advertisements.

116. Defendants knew that Plaintiff advertised and marketed golf car services to consumers through online and physical marketing and advertisements.

117. Plaintiff's marketing and advertising uses of its Mark were public and notorious.

118. Defendants' intentional use of Plaintiff's Mark or a confusingly similar mark induced Plaintiff's customers and prospective customers to engage Defendants' services, rather than Plaintiff's services.

119. Defendants maliciously induced consumers not to enter into a contract with Plaintiff, which such consumers would have entered but for Defendants' interference.

120. Defendants' acts were not done in the legitimate exercise of Defendants' rights.

121. Defendants' acts were done without substantial justification.

122. As a result of Defendants' actions, Plaintiff suffered damages in excess of $75,000.00.

**COUNT VI**
**Unjust Enrichment**

123. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

124. Defendants' use of the "Carolina Golf Carts" designation has conferred a benefit on Defendants, and Defendants deliberately, consciously, and intentionally accepted the benefit of such use.

125. The benefit was not conferred gratuitously.

126. As a result of the conduct alleged herein, Defendants have been unjustly enriched to Plaintiff's detriment.

127. Plaintiff seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Defendants' inequitable activities.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That Plaintiff be awarded monetary damages in excess of $75,000.00 for their actual damages, as will be shown at trial, caused by Defendants' infringement of Plaintiff's federally registered mark;

2. That such monetary damages be trebled, as provided by U.S.C. § 1117;

3. That Plaintiff be awarded monetary damages in excess of $75,000.00 for their actual damages, as will be shown at trial, caused by Defendants' infringement of Plaintiff's common law trademark rights;

4. That Plaintiff be awarded monetary damages in excess of $75,000.00 for their actual damages caused by Defendants' unfair and deceptive trade practices;

5. That such monetary damages be trebled, as provided by S.C. Code § 39-5-140;

6. That this Court Order disgorgement of Defendants' profits realized as a result of Defendants' inequitable acts and conduct;

7. That Plaintiff be awarded punitive damages for Defendants' willful and wanton acts, including infringement of Plaintiff's Mark, violation of statutory and common law, unfair and deceptive trade practices, and other conduct and acts by Defendants, pursuant to U.S.C. § 1117, S.C. Code § 15-32-510 *et seq*., or as otherwise allowed by law;

8. That Plaintiffs be awarded their costs and attorney's fees, pursuant to U.S.C. § 1117, S.C. Code § 39-5-140, or otherwise allowed by law;

9. That the Court enter an Order at the conclusion of this action permanently enjoining Defendants from using the "Carolina Golf Cars" or "Carolina Golf Carts" mark, or any confusingly similar mark or combination thereof;

10. That Defendants be held jointly and severally liable to Plaintiff;

11. That the Court enter an Order granting Plaintiff pre-judgment and post-judgment interest; and

12. For all other relief that the Court finds equitable and proper.

Date: November 17, 2026.

/s/Russell M. Racine
Russell M. Racine
SC Bar No.: 68814
**CRANFILL SUMNER LLP**
2907 Providence Rd., Ste. 200
Charlotte, NC 28211
Telephone: (704) 940-3418
Facsimile: (704) 831-5501
rracine@cshlaw.com

*Attorneys for Plaintiff GNB Enterprises Corporation d/b/a Carolina Golf Cars*